# In the United States Court of Federal Claims

No. 18-1806C
(Filed: January 22, 2019)

| | |
|---|---|
| E. VONDRAKE,<br><br>   *Pro Se* Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>   Defendant. | *Pro se*; *Sua Sponte* Dismissal; Lack of Subject Matter Jurisdiction. |

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

Plaintiff Edward Vondrake, proceeding *pro se*, filed the instant complaint against the United States ("the government") alleging violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Additionally, Mr. Vondrake also alleges that he was unjustly convicted, suffered discriminatory treatment in violation of 42 U.S.C. §§ 1981-86, and was the victim of intentional infliction of emotional distress. All of Mr. Vondrake's allegations arise from his May 30, 1990 arrest by the United States Secret Service ("Secret Service") after attempting to deposit money at a bank in Virginia, his imprisonment while awaiting trial, and his August 14, 1990 guilty plea where he admitted to violating 18 U.S.C. § 1028(a)(1) by producing false identification cards when attempting to deposit money at a bank in Virginia.

7017 2620 0000 7637 4761

This is the second complaint Mr. Vondrake has filed with this court based on the same allegations. *See Drake v. United States*, No. 17-581C, 2018 WL 1613869 (Fed. Cl. April 3, 2018). The court dismissed Mr. Vondrake's initial complaint for lack of subject matter jurisdiction because his claims arose more than six years prior to the filing of his complaint and thus were barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501.

In addition to reciting the same allegation as he made in his earlier 2018 complaint, Mr. Vondrake alleges in this complaint that his case falls within the statute of limitations in 28 U.S.C. § 2501 because he suffers a legal disability under the provision which states that a complaint brought by "a person under legal disability . . . at the time the claim accrues may be filed within three years after the disability ceases." Mr. Vondrake alleges that he suffers from memory loss and other brain damage as a result of the torture he allegedly endured while imprisoned while awaiting trial in 1990. Because Mr. Vondrake claims his disability in any case is ongoing, he asserts that his claims are timely under the § 2501 exception noted.

For purposes of this order, the court has assumed Mr. Vondrake's legal disability allegations are sufficient to satisfy the exception in 28 U.S.C. § 2501. However, Mr. Vondrake's case must be dismissed in any case because this court does not have subject matter jurisdiction over any of his constitutional or statutory claims. Accordingly, under

Rule 12(h)(3)[1] of the Rules of the United States Court of Federal Claims Mr. Vondrake's complaint is **DISMISSED**.

The jurisdiction of this court is set forth in the Tucker Act, which grants the court jurisdiction to hear claims against the United States founded upon "any Act of Congress or any regulation of an executive department . . . or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, because the Tucker Act "does not create any substantive right enforceable against the United States for money damages," a plaintiff must also rely on a relevant money-mandating federal statute, regulation, or provision of the Constitution to establish jurisdiction. *United States v. Testan*, 424 U.S. 392, 398 (1976).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If the court lacks jurisdiction, it cannot proceed with the action and must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Even if neither party challenges subject-matter jurisdiction, the court must evaluate the existence of subject matter jurisdiction for itself. *Id.* at 506. Rule 12(h)(3) provides: "if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

In determining whether subject matter jurisdiction exists, the court will take undisputed factual allegations in the complaint as true and will construe them in the light

---

[1] Rule 12(h)(3) provides "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).  In addition, the pleadings of *pro se* plaintiffs will be held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Johnson v. United States*, 411 F. App'x 303, 305 (Fed. Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  However, the court's leniency will not relieve the burden on a *pro se* plaintiff to meet jurisdictional requirements. *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

Tested by these standards, the court must dismiss for lack of subject matter all of Mr. Vondrake's claims.  First, this court does not have jurisdiction to entertain claims arising under either the Equal Protection and Due Process Clauses of the Fourteenth Amendment, *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013), the Due Process Clause of the Fifth Amendment, *id.*, or the Fourth Amendment, *Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997).  Second, to the extent that Mr. Vondrake contends the United States violated his Sixth Amendment rights, this court lacks jurisdiction.  The Sixth Amendment is not money-mandating. *Gable v. United States*, 106 Fed. Cl. 294, 298 (2012).  Third, the court does not have jurisdiction to hear Mr. Vondrake's allegation that the government improperly denied him bail in violation of the Eighth Amendment.  The Federal Circuit has found that the Eighth Amendment is not money mandating and thus the Tucker Act does not provide this court with jurisdiction over such claims. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision.") (internal quote omitted).

Fourth, this court lacks jurisdiction over Mr. Vondrake's various claims regarding wrongful treatment by federal officials. The Federal Circuit has made clear that this court lacks jurisdiction over *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) actions for civil wrongs committed by agents of the United States. *Brown,* 105 F.3d at 624.

Fifth, this court lacks jurisdiction over Mr. Vondrake's claims that the United States government and its representatives intentionally inflicted both emotional distress and bodily harm. These claims sound in tort and are specifically excluded from this court's jurisdiction. 28 U.S.C. § 1491(a)(1). Similarly, Mr. Vondrake's claims of torture are outside this court's jurisdiction. *Perales v. United States*, 133 Fed. Cl. 417, 418 (2017).

Finally, to the extent that Mr. Vondrake seeks to review or overturn his conviction, this court does not possess jurisdiction to review criminal convictions or decisions by district court. *Joshua v. United States*, 17 F.3d 378, 379-80 (Fed. Cir. 1994). Although this court may adjudicate claims for money damages related to unjust convictions, Mr. Vondrake has failed to establish that his conviction was either overturned or that he was pardoned by the appropriate federal official "upon the stated ground of innocence and unjust conviction[.]" 28 U.S.C. § 2513(a); *see also Brickey v. United States*, 116 Fed. Cl. 71, 79 (2014). Although, Mr. Vondrake alleges that he was pardoned by the Governor of Louisiana, the Governor of Louisiana does not possess the authority to grant a pardon for federal crimes. *See* U.S. Const. at. II, § 2 (granting pardon power for "offenses against the United States" to the President); L. Const. art. IV, § 5 (limiting the pardon power of

the Governor of Louisiana to offenses against the state).  Thus, he does not meet the

statutory criteria for payment.

For the reasons stated above, Mr. Vondrake's complaint must be **DISMISSED** in

accordance with Rule 12(h)(3) for lack of jurisdiction and his motion for leave to file *in*

*forma pauperis* is **DENIED AS MOOT**.  Additionally, because the court finds that it

does not have jurisdiction the government's motion to stay is **DENIED AS MOOT**.  The

Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

NANCY B. FIRESTONE
Senior Judge